**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2196

KELVIN ACEVEDO-QUILES; EUGENIO ALBINO-SEPÚLVEDA;
LUZ E. ARZOLA-TORRES; LIZZI CALES-PADILLA; SONIA CALO-VELÁZQUEZ;
ERIC CAMACHO-PAGÁN; WILLIAM CARABALLO-GONZÁLEZ;
JOSÉ CARABALLO-ECHEVARRÍA; WILFREDO CARABALLO-PÉREZ;
ADELINA CINTRÓN-GONZÁLEZ; WILFREDO ECHEVARRÍA-MARTÍNEZ;
RODOLFO FIGUEROA-TORRES; SAMUEL FILION-JUSINO;
ZOILO GARCÍA-RIVERA; RAMÓN GARCÍA-IRIZARRY;
HELEN GONZÁLEZ-QUESADA; RAFAEL GONZÁLEZ-QUESADA;
AQUILINO HERNÁNDEZ-QUIRÓS; MILAGROS HERNÁNDEZ-RODRÍGUEZ;
ISRAEL IRIZARRY-CORREA; GLORIMAR LÓPEZ-SÁEZ;
JASMINE LÓPEZ-VELÁZQUEZ; LYDIA LÓPEZ-ALONSO; JAIME LUGO-TORRES;
ANA MALDONADO-FIGUEROA; LUIS MANUEL TORRES-CARABALLO;
FELIPE MOLINARI-VÁZQUEZ; AGNES MUÑOZ-CEDEÑO;
SYLVIA NIEVES-FELICIANO; PEDRO OCASIO-SANTOS;
EDUARDO OLIVERA-RIVERA; BENITO PÉREZ-UBILES;
TRINIDAD PÉREZ-SEPÚEVEDA; SEVERIANO PÉREZ-GONZÁLEZ;
JOSÉ PÉREZ-BÁEZ; MOISÉS ORTIZ-MORRIS; FLAVIA ORTIZ-CAMACHO;
WILLIAM PACHECO-GONZÁLEZ; MIGDALIA QUIRÓS-TORRES;
WILBERTO RAMÍREZ-LÓPEZ; JOSÉ LUIS RAMOS-MILÁN;
WILSON RIVERA-CEDEÑO; ANÍBAL RODRÍGUEZ-IRIZARRY;
NANCY RODRÍGUEZ-RAMOS; EDISON RODRÍGUEZ-RODRÍGUEZ;
AMANDA ROJAS-BAUZÁ; VIRGEN ROMÁN-FELICIANO;
EDGARDO ROMÁN-ORTIZ; LUIS RUIZ-CORREA; JUANITA SANTANA-FREYRE;
JOSÉ SANTIAGO-SANTIAGO; YAMILET SANTIAGO-FELICIANO;
JESUS SANTIAGO-FELICIANO; ALLENY SANTIAGO-CARABALLO;
MARIO SANTIAGO-TORRES; WILFREDO SUPÚLVEDA-ARZOLA;
CÁSTULA TAPIA-SOSTRE; MILTON TORRES-RIVERA;
ABNER TORRUELLAS-COLLAZO; LUIS VARGAS-SANTOS;
ANGEL RODRÍGUEZ-MARTÍNEZ; NANCY VEGA-TORRES;
BENJAMÍN VEGA-TORRES; PABLO VELÁZQUEZ-OQUENDO;
GUADALUPE VÉLEZ-VALEDÓN; AMÉRICA TORRES-HERNÁNDEZ;
NOAMY RODRÍGUEZ-BERGOCHEA; WANDA SÁEZ-ECHEVARRÍA;
OLGA M. MARRERO-MERCADO; ARISBIL IRIZARRY-NIEVES;
ROSA M. QUIÑONES-IRIZARRY; ELIEZER TROCHE-ORTIZ;
ANDY IRIZARRY-FRATICELLY,

Plaintiffs, Appellees,

IVÁN CRUZ MELETICHE,

Plaintiff,

v.

EDGARDO ARLEQÚIN-VÉLEZ; MUNICIPALITY OF GUAYANILLA;
KAREN MATTEI-BECHONAGA,

Defendants, Appellants,

————————————

MILAGROS MONTALVO-QUIRÓS,

Defendant.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., <u>Senior U.S. District Judge</u>]

————————————

Before

Torruella, <u>Circuit Judge</u>,

Hill,[*] <u>Senior Circuit Judge</u>, and

Howard, <u>Circuit Judge</u>.

————————————

<u>Johanna M. Emmanuelli Huertas</u> with whom <u>Gina Ismalia Gutiérrez-Galang</u> and <u>Law Office of Pedro E. Ortiz Álvarez</u>, were on brief, for appellants.
<u>Joan S. Peters</u> with whom <u>Nachman & Guillemard</u>, was on brief, for appellees.

————————————

August 16, 2005

————————————

[*]Of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

**Per Curiam**.  Defendants Edgardo Arlequín-Vélez and Karen Mattei-Bechonaga, respectively the Mayor and Human Resources Manager of the Municipality of Guayanilla, bring this appeal to challenge the denial of their motion for summary judgment on grounds of qualified immunity.  Defendants, who stand accused of participating in the unlawful termination of a number of former municipal employees following the 2000 elections in Puerto Rico, argue that the district court erroneously looked only to the complaint, and not the summary judgment record, when it denied their motion.  Defendants further assert that a proper review of the summary judgment record would reveal that, as a matter of law, they were entitled to qualified immunity because there were legitimate, non-discriminatory reasons for the employment actions that they ordered, and because a reasonable official would have understood himself or herself to be entitled to take the actions undertaken.

It is true that, in its opinion denying defendants' motion for summary judgment, the district court referenced only to the allegations in the pleadings, and not the proof in the summary judgment record, as is required when a defendant asserts a qualified immunity defense on the basis of the summary judgment record and argues that the record fails to substantiate the existence of a viable constitutional claim.  See e.g., Riverdale Mills Corp. v. Pimpare, 392 F.3d 55, 61-62 (1st Cir. 2004).  But it

-3-

is simply not the case that the court failed to conduct the threshold constitutional analysis against the backdrop of summary judgment principles.  For the court, in a separate opinion issued the same day as the qualified immunity opinion, performed the calculus that defendants say should have been conducted within the qualified immunity opinion.  In this "merits" opinion, the court ruled that there is a genuine issue of material fact whether plaintiffs have made out a viable constitutional claim.  While the court, in its qualified immunity opinion, might have cross-referenced its record-based merits analysis (or, better yet, issued a single opinion addressing first whether plaintiffs' First Amendment claim was sufficiently supported to warrant a trial and then whether defendants nonetheless were entitled to qualified immunity from that claim, see Saucier v. Katz, 533 U.S. 194, 200-02 (2001)), there can be no doubt that the court reviewed the summary judgment record and concluded that there is a genuine issue of material fact whether defendants' actions violated plaintiffs' First Amendment rights.  To pretend otherwise, as the individual defendants ask us to do, would be empty formalism.  We therefore reject the primary appellate argument -- that the district court failed to decide whether plaintiffs' constitutional claim was adequately supported by the summary judgment record -- as built upon a faulty premise.

Defendants devote the remainder of their brief to an implicit challenge to the district court's merits ruling, arguing that budgetary and public policy considerations entitled them to act as they did.  Plaintiffs respond that the court's ruling was correct, that there was sufficient evidence that defendants were motivated by political animus, and that defendants' argument assumes as a given a crucial fact in dispute:  namely, that defendants were in fact motivated by the budgetary and public policy considerations that they say motivated them.  Defendants counter mostly by challenging the adequacy of plaintiffs' evidence.  But they also suggest that, under relevant law, any political animus they harbored is immaterial.

The dispute over the correctness of the district court's conclusions that plaintiffs had established a trialworthy issue as to defendants' motivations is one that we are powerless to resolve at this time.  Our jurisdiction extends only to interlocutory challenges to denials of qualified immunity that are premised on alleged misapplications of governing law, and not to claims that the court misapplied the summary judgment framework to the evidence.  See, e.g., Johnson v. Jones, 515 U.S. 304, 309-20 (1995); Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 10-14 (1st Cir. 2000).  To the extent that defendants have suggested that they were entitled to act as they did notwithstanding any political animus they harbored, they do not develop the following argument, which

would be cognizable on interlocutory appeal:  that they lawfully could take action against plaintiffs even if, as the court concluded, there are trialworthy issues whether they were motivated by political animus and/or non-discriminatory considerations.  See, e.g., Hadfield v. McDonough, 407 F.3d 11, 15-16 (1st Cir. 2005) (employee may be terminated for political affiliation if position is policymaking or confidential).  Rather, their argument is that, because there existed legitimate and reasonable bases for the challenged conduct -- i.e., the budgetary and public policy considerations that defendants say animated them -- plaintiffs cannot establish a constitutional violation even with their evidence of animus.  See Crawford-El v. Britton, 523 U.S. 574, 593 (1998) (discussing the affirmative defense in Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)).  But the court did not agree with defendants' premise:  that the summary judgment record compels a finding that defendants were in fact constrained by the budgetary and public policy considerations they cite.  And we lack jurisdiction to review this fact-based rejection of the lynchpin of defendants' position.

**Affirmed in part; dismissed in part**.